**MANCHESTER MARINE RY. & CONST. CO. v. THE ANNIE.**

No. 51—15.

United States District Court
D. Massachusetts.

Dec. 4, 1951.

Wasserman & Salter, Boston, Mass., for petitioner.

Bernard P. Rome, Boston, Mass., Solomon Sandler, Gloucester, Mass., for claimant Gilardi.

SWEENEY, Chief Judge.

This is a libel to recover for certain repairs to the fishing vessel Annie. The libellee admits a contract for repairs in the sum of $1,350 but refuses to pay any amount in addition thereto.

Findings of Fact.

On February 14, 1950, the libellant and the libellee entered into a contract evidenced by writing for the removal of an old engine from the fishing vessel Annie and for the installation of a new diesel engine in its place. The memorandum signed by the libellee sets forth the exact work which was to be done under that contract. The contract figure was $1,350, and is the first item of the libellant's claim.

In addition to the items provided in the contract, while the work was in progress the libellee ordered certain additional work done on the vessel, which work was done by the libellant and billed to the libellee. The work consisted of removing the old fuel oil tanks and installing new ones, for which the fair and reasonable charge was $63. The second additional item was the removal of a shaft for machine shop checking, and this was done at a fair and reasonable charge of $34.20. Another additional item was the connection of a new horn purchased by the libellee and the wiring of that horn above the main deck, the fair and reasonable charge for which was $123.98. Another charge was for the installation of seacocks, battery box and base for the auxiliary generator, and repairs in the fish hold, all ordered by the libellee, for which the fair and reasonable charge was $101.70. In addition thereto, there were repairs to the auxiliary generator for which the fair and reasonable charge was $9, and

certain trucking, for which the fair and reasonable charge was $1.80. In addition to all of the items there were certain materials supplied by the libellant in connection with the extras as outlined above, and the fair and reasonable charge for these materials was $173.61.

### Conclusions of Law.

From the foregoing I conclude and rule that the libellant is entitled to judgment against the libellee in the sum of $1,857.29, with interest and costs.